UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BREE WALKER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MARGRITH WOLF, an individual; TRAVIS DEBIE, an individual; AARON TEALL, an individual; ADA COUNTY, an Idaho County; AGENCIES/ COUNTIES/ MUNICIPALITIES 1-10; and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>    Defendants. | Case No. 4:22-cv-00222-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Plaintiff's Motion to Extend and Motion for Discovery. Dkts. 17, 24. Defendants responded to each motion on May 24, 2023, and July 5, 2023, respectively. Dkts. 22, 26. Plaintiff replied. Dkt. 27. The matter is ripe for adjudication.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court will GRANT in part and DENY in part Walker's Motion to Extend, and GRANT in part and DENY in part her Motion for

Discovery.

## II. BACKGROUND

### A. Factual Background

Just after 10:00 p.m. on May 28, 2020, Defendant Deputy Margrith Wolf observed a vehicle traveling 65 miles per hour in an area with a maximum speed limit of 55 miles per hour. Deputy Wolf initiated a traffic stop and notified the driver, Plaintiff Bree Walker, that she initiated the stop because she observed the vehicle traveling at 65 miles per hour. Walker stated she knew the speed limit was 55 miles per hour and that she believed she was traveling at 60 miles per hour, which she said was no faster than the vehicle in front of her.

Deputy Wolf asked Walker to produce her proof of insurance and registration, which Walker spent roughly nine minutes searching for. During that time, Walker also answered a phone call. Before Walker produced the documents, Deputy Wolf requested a K9 unit come to the scene.

Also during that time, another officer, Deputy Travis DeBie, arrived on the scene. He approached Walker's vehicle, looked inside with a flashlight, and told Deputy Wolf that he believed he saw marijuana shake in the open glovebox of Walker's car.

Deputy Wolf returned to her patrol vehicle and began writing a citation at approximately 10:15pm. A few minutes later, Walker called 911 to request a supervisor come to the scene because she felt she was being harassed. Deputy DeBie asked Walker to turn off the vehicle and hand him the keys. Walker turned off her vehicle, and the keys

were placed on top of the car.[1]

Before a supervisor arrived, Defendant Deputy Aaron Teall arrived on scene with his "K9" drug dog around 10:37 p.m. When Deputy Teall arrived, Deputy DeBie asked Walker to step out of her vehicle. She did so, but left her cell phone in her vehicle still connected to an active call. At Deputy Teall's direction, the K9 then began an open-air sniff at the front of Walker's vehicle, and alerted near the front driver's side. Deputy Teall then opened the front driver's side door to allow the K9 to sniff inside while he briefly searched Walker's purse and center console.

Meanwhile, a supervisor, Sergeant Nicole Hudson, arrived on scene and began speaking with Walker about her feeling harassed. Deputy Wolf began her search of the vehicle while Sergeant Hudson spoke with Walker. Prior to beginning the search, Deputy Wolf picked up Walker's phone and handled it for approximately seven seconds, during which time she pressed the power button, disconnected the call that Walker had previously left on speaker, and placed the phone on the dashboard. Deputy Wolf then searched the vehicle with Deputy Teall for approximately thirteen minutes. They did not find anything illegal in the vehicle. Deputies Wolf and DeBie then returned Walker's documents and keys and issued her a traffic citation, ending the stop at approximately 10:59 p.m.

The traffic citation Deputy Wolf issued to Walker for speeding was Citation No. 537895, and resulted in the filing of Ada County Case No. CR01-20-20540. Walker filed

---

[1] How exactly the keys ended up on top of the car is in dispute. Defendants state that Walker removed the keys from the ignition and handed them to Deputy DeBie, who placed the keys on top of the car. Dkt. 14-2, at 3. Walker, however, states that Deputy DeBie reached inside the car and grabbed the keys even though the vehicle was already turned off. Dkt. 3, at 7.

MEMORANDUM DECISION AND ORDER - 3

a motion to dismiss that case based on First, Fourth, and Fourteenth Amendment violations. The State objected, and the court denied Walker's motion. The matter proceeded to trial on January 7, 2021, and resulted in a judgment of conviction being entered against Walker.

### B. Procedural Background

Walker subsequently filed this 42 U.S.C. § 1983 action on May 27, 2022, alleging violations of her First, Fourth, and Fifth Amendment rights. Dkt. 3. Defendants, Ada County and Officers Margrith Wolf, Travis DeBie, and Aaron Teall (collectively, the "County"), answered on September 8, 2022. Dkt. 12. Informal communications between the parties ensued, and on April 19, 2023, the County filed a Motion for Summary Judgment. Dkt. 14. In response, Walker filed the instant Motion for Extension of Time to Complete Discovery and Respond to Defendants' Motion for Summary Judgment. Dkt. 17. On June 8, 2023, the Court issued an Order staying the County's Motion for Summary Judgment until it decides whether, and to what extent, discovery will be permitted prior to ruling on that Motion. Dkt. 23. Pursuant to the Court's request in that Order, Walker filed a Motion for Discovery outlining the scope and relevance of the information she seeks in order to sufficiently respond to the County's Motion for Summary Judgment. The County responded to that Motion (Dkt. 26), and Walker replied (Dkt. 27).

### III. LEGAL STANDARD

When a party opposing a motion for summary judgment cannot present facts essential to justify their opposition to the motion, Rule 56(d) permits the party to submit an affidavit or declaration stating the reasons she is unable to present the evidence. The court may continue or deny the motion if the opposing party needs to discover essential

MEMORANDUM DECISION AND ORDER - 4

facts. The burden is on the party seeking additional discovery pursuant to Rule 56(d) to demonstrate (1) the information sought would prevent summary judgment, and (2) that the information sought exists. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084 (9th Cir. 2009);[2] *Maple v Rainbow's End Recovery Ctr.*, 2018 WL 443440 (D. Idaho Jan. 16, 2018)

A party requesting a Rule 56(d) continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090 (9th Cir. 2006).

### IV. ANALYSIS

In her Motion, Walker requests discovery pertaining to three things:[3] (1) the knowledge the officers had of Walker prior to the stop; (2) the training, policy, and testing records related to the K9 dog and its handler; and (3) the training and experience of Deputy DeBie regarding the identification of drugs, including marijuana "shake." Dkt. 17, at 2. The Court will address each request in turn.

**A. Knowledge of Walker**

First, Walker requests discovery related to the officers' knowledge of her prior to

---

[2] Subdivision (d) was previously numbered as subdivision (f) prior to the 2009 amendments to the Federal Rules of Civil Procedure. While *Blough* makes reference to Rule 56(f), Rule 56(d) carries forward without substantial change the provisions of former subdivision (f). *See Notes of Advisory Committee on 2010 Amendments*.

[3] In Walker's initial Motion to Extend, she also requests discovery related to the officers' training and experience regarding traffic stops, searches and seizures, and questioning. Dkt. 17, at 2. Because Walker did not include this request in her Motion for Discovery and accompanying affidavit ordered by the Court, the Court does not address that initial request at length. To the extent Walker still intends to pursue that discovery request, it is DENIED. Walker has not set forth by affidavit how the requested information would preclude summary judgment and has, therefore, not met the Rule 56(d) standard.

MEMORANDUM DECISION AND ORDER - 5

the traffic stop. In ruling on the County's Motion for Summary Judgment, the Court will be faced with the question of whether the initial traffic stop was lawful. Walker argues that the stop was pretextual and initiated based on officers' prior knowledge of, and biases toward, her for her affiliation with a motorcyclists' advocacy group. However, the County maintains that Walker was pulled over because she was driving her vehicle at 65 miles per hour in an area with a maximum speed limit of 55 miles per hour.

"The touchstone of the Fourth Amendment is reasonableness," an objective standard. *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United* States, 517 U.S. 806, 810 (1996). In *Whren*, the Supreme Court of the United States determined whether an officer's subjective intent could make an otherwise lawful traffic stop unconstitutional. *Id.* The Court ultimately "foreclose[d] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Id.* at 813.

The discovery requested by Walker on this matter goes to the subjective motivations of Deputy Wolf, rather than the objective reasonableness of her actions. Although Walker argues the car in front of her was going faster than she was, she does not deny that she was speeding at the time she was pulled over. Under *Whren*, Deputy Wolf's actual motivations—even if pretextual—are immaterial to the Court's resolution of the County's Motion for Summary Judgment. The discovery Walker requests relating to the potentially pretextual nature of the stop therefore cannot prevent summary judgment, and fails to meet the standard set forth in Rule 56(d). Accordingly, the Court denies Walker's discovery

request pertaining to the officers' prior knowledge of Walker, and strikes the following from her request: Proposed Interrogatories 1–3 for Deputy Wolf; Proposed Interrogatories 1–2 for Deputy Teall; and Proposed Interrogatories 1–2 for Deputy DeBie. *See* Dkt. 35, at 2–4.

### B. K9 Training

Walker next requests discovery related to the policy manuals, training, and testing related to the K9 dog and its handler, Deputy Teall. In addition to whether the initial stop was supported by probable cause, the Court must also determine whether the search of Walker's vehicle was supported by probable cause. The County argues that independent probable cause for the search arose as a result of the K9's alert on Walker's vehicle. Walker argues that without more discovery, the Court has no way to know whether the dog and handler are certified or trained to conduct free-air sniffs at all.

The test for probable cause based on a drug-dog alert is "whether all the facts surrounding the alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime." *Florida v. Harris*, 568 U.S. 237, 238 (2013). Furthermore, "a defendant must have an opportunity to challenge [] evidence of a dog's reliability" and "may contest training or testing standards as flawed or too lax, or raise an issue regarding a particular alert." *Id.* Before determining whether the vehicle search was supported by probable cause, the Court must afford Walker the opportunity to challenge the validity of the K9's purported alert on her vehicle that was the supposed probable cause for the search. Walker's affidavit explains how a continuance would allow her time to obtain information that places the K9-based

probable cause in dispute. The Court, therefore, grants Walker's request for limited discovery related to Deputy Teall and the K9's training and testing as set forth in Proposed Interrogatory 3 and Request for Production 1 for Deputy Teall, and Requests for Production 1–2 for Ada County. Dkt. 25, at 3, 5.

### C. DeBie's Training

Third, Walker requests discovery regarding Deputy DeBie's observation, training, and experience regarding the identification of marijuana "shake." The County argues that even if the vehicle search wasn't justified by the K9 alert, it was justified under the automobile exception in light of Deputy Debie's observation of suspected marijuana shake. Walker adamantly disputes the presence of any drugs or residue in her vehicle at all, and challenges the truth of Deputy DeBie's statements.

The automobile exception to the Fourth Amendment's warrant requirement permits warrantless search of a vehicle when "there is probable cause to believe a vehicle contains evidence of criminal activity." *Arizona v. Gant*, 556 U.S. 332, 347 (2009). Probable cause in this context exists when, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

As previously discussed, whether there was probable cause to search the vehicle is critical to the outcome of this case. To rule on the County's Motion for Summary Judgment, the Court must, therefore, analyze whether Deputy DeBie did in fact have probable cause to believe Walker's vehicle contained evidence of criminal activity. Deputy DeBie based his belief on his alleged observation of marijuana shake in the vehicle. The information

MEMORANDUM DECISION AND ORDER - 8

requested by Walker pertaining to Deputy DeBie's training in making such observations could cast sufficient doubt on the existence of probable cause to survive summary judgment. Accordingly, the Court grants Walker's request for limited discovery regarding Deputy DeBie's training as set forth in Proposed Interrogatory 3 for Deputy DeBie. Dkt. 25, at 4.

## V. CONCLUSION

In resolving the County's Motion for Summary Judgment, the Court will be asked to determine whether probable cause existed for the traffic stop and the subsequent vehicle search. Walker has not demonstrated how the information regarding the officers' prior knowledge of her identity would help her in opposing summary judgment on either issue. However, Walker has adequately explained how a continuance and limited discovery relating to Deputies Teall and DeBie's training, as well as the K9's training, could produce evidence creating a factual issue regarding probable cause for the vehicle search. Accordingly, the Court DENIES all three proposed interrogatories for Deputy Wolf. The Court DENIES proposed interrogatories 1–2 and GRANTS request for production 1 for Deputy Teall. The Court DENIES proposed interrogatories 1–2 and GRANTS interrogatory 3 for Deputy DeBie. The Court GRANTS requests for production 1 and 2 for Ada County. As requested in their Motion to Extend, Plaintiffs have 45 days from the date of this order to obtain the specific discovery granted herein. Briefing on summary judgment will then continue.

## VI. ORDER

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Extension of Time to Complete Discovery is GRANTED in part and DENIED in part as outlined above.

2. Defendant's Motion for Discovery is GRANTED in part and DENIED in part as outlined above.

3. Plaintiff has 45 days from the date of this order to obtain the specific discovery granted herein.

4. Plaintiff's response to Defendants' Motion for Summary Judgment shall be due 21 days from the close of the limited discovery.

DATED: November 16, 2023

David C. Nye
Chief U.S. District Court Judge